**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW LEE CRAIG,

Defendant - Appellant.

No. 24-7878

D.C. No.
3:20-cr-00007-SI-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 22, 2025
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Matthew Lee Craig appeals the denial of an 18 U.S.C. § 3582(c)(2) motion

for a sentence reduction. We have jurisdiction under 18 U.S.C. § 3742(e)-(f) and 28

U.S.C. § 1291. We review a denial of a § 3582(c)(2) motion for abuse of discretion,

*United States v. Lizarraras-Chacon*, 14 F.4th 961, 964 (9th Cir. 2021), but review

de novo whether the district court applied the correct legal standard, *United States*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. Gasca-Ruiz*, 852 F.3d 1167, 1174 (9th Cir. 2017) (en banc). We affirm.

1. Craig contends that the district court erred by stating it lacked authority to consider his post-conviction incarceration conditions when analyzing the § 3553(a) factors. *See Lizarraras-Chacon*, 14 F.4th at 968 (holding that a district court abuses its discretion if it "erroneously conclude[s] that" a defendant's argument cannot be considered "in its § 3553(a) factor analysis").

In denying Craig's motion, the district court stated: "Moreover, the Court does not evaluate Defendant's *current* circumstances in prison because the considerations that the Court based Defendant's *original* sentence on have not changed." *United States v. Craig*, No. 3:20-CR-07-SI, 2024 WL 5168335, at *2 (D. Or. Dec. 19, 2024). Even assuming that Craig's incarceration conditions were relevant to the § 3553(a) analysis, "[t]he district court's comment must be read in the context of the entirety of its ruling and the record as a whole." *United States v. Ehmer*, 87 F.4th 1073, 1116 (9th Cir. 2023). Under such a reading, we find no reversible error.

The district court correctly stated that "[s]tep two of the § 3582(c) inquiry is to consider any applicable § 3553(a) factors and determine, in the discretion of the Court, whether any reduction authorized by the Guidelines amendment is warranted in whole or in part." *Craig*, 2024 WL 5168335, at *2. The court's order carefully reviewed those factors, including the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). It expressly found that because of "the

danger he poses to the community," and because of his extensive criminal record, Craig's original sentence "remains appropriate under the § 3553(a) factors." *Craig*, 2024 WL 5168335, at *3.

Significantly, the district court quoted extensively from *United States v. Steidell*, No. 12-CR-01259-DKW-02, 2024 WL 1414195, at *3 (D. Haw. Apr. 2, 2024), after the statement about Craig's current circumstances. *See Craig*, 2024 WL 5168335, at *2. *Steidell* also considered a sentence reduction motion based on post-conviction factors. 2024 WL 1414195, at *3. The *Steidell* court recognized the defendant's argument but nonetheless denied the motion because the conditions justifying the original sentence "ha[d] not changed." *Id.* The district court's reliance on *Steidell* convinces us that it employed a similar analysis.

**AFFIRMED.**

24-7878